**Bruce R. SENATOR, Plaintiff—Appellant,**

v.

**Joann GORDON; et al., Defendants—Appellees.**

No. 03–16578.

D.C. No. CV–01–990–DFL/PAN.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 13, 2004.

Bruce R. Senator, Vacaville, CA, pro se.

Constance Picciano, Office of the California Attorney General, Sacramento, CA, for Defendants–Appellees.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

## MEMORANDUM**

Bruce Senator, a former California state prisoner, appeals pro se the Fed.R.Civ.P. 41(b) dismissal without prejudice of his action against prison officials under 42 U.S.C. § 1983. He contends that the district court erred in dismissing the action for his failure to obey an order regarding service of his complaint because prison officials confiscated all of his legal materials, and so he never received the district court's order. We vacate the district court's judgment.

We review for an abuse of discretion the dismissal of an action for failure to obey a court order. *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1063 (9th Cir.2004). "Dismissal under Rule 41(b) is a sanction, to be imposed only in extreme circumstances." *Id.* (quotations omitted). The district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

drastic alternatives." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (quotations omitted).

Senator filed his complaint on May 21, 2001. On May 1, 2002, the district court issued an order finding that Senator stated claims for retaliation against five defendants. On May 23, 2002, the magistrate judge ordered Senator to complete a summons and other forms that the court clerk would send him and to return the documents within 30 days so that United States marshal could serve the complaint on the five defendants. Senator did not respond. On December 12, 2002, the magistrate judge filed findings and recommendations that the action be dismissed for failure to respond to the May 23 order. Senator filed objections explaining that he had never received the May 23 order because the Department of Corrections had filed false parole violation charges and had confiscated his legal materials four times, including in June 2002, and had also interfered with his legal mail.

The fourth Rule 41(b) factor favored disposition on the merits, and the first, second, and third factors favored dismissal. As to the fifth factor, after Senator explained that he had never received the May 23 order, the district court could have looked into whether he had received the order or given him another chance to complete the summons and other forms. Because this less drastic alternative was available, the district court abused its discretion in dismissing the action. *See Yourish*, 191 F.3d at 990–92.

**VACATED and REMANDED.**